# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **SECOND SUPERSEDING INDICTMENT** |
| **Plaintiff,** | CRIMINAL NO. 01-379(JAF) |
| **v.** | Violations: |
| | Title 21, United States Code, § 952, 963 |
| **[12] JOSE FIGUEROA AGOSTO, aka "Felipe Rodriguez de la Rosa",** | |
| **Defendant.** | **(ONE COUNT)** |

THE GRAND JURY CHARGES:

## COUNT ONE

### *Title 21, United States Code, Section 963*
### *Conspiracy to Import Narcotics into the United States*

Beginning on a date unknown, but not later than on or about August 1, 2000, and continuing

until in or about November of 2001, in the District of Puerto Rico, the Dominican Republic, South

America, the Netherlands Antilles, the high seas, elsewhere, and within the jurisdiction of this Court,

**[12] JOSE FIGUEROA AGOSTO, aka "Felipe Rodriguez de la Rosa",**

the defendant herein, did, knowingly and intentionally combine, conspire, confederate and agree

together with other persons both known and unknown to the Grand Jury, to commit the following

offense against the United States: to import in the United States from a place outside thereof, (5)

kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance, to wit:

approximately 2,776 kilograms of cocaine (gross weight), in violation of Title 21, United States

1

**SECOND SUPERSEDING INDICTMENT**
*01-379(JAF)*

Code, Section 952.

## OBJECTS OF THE CONSPIRACY

1.     It was an object of the conspiracy to smuggle narcotics into Puerto Rico and to distribute those narcotics within Puerto Rico.

2.     It was a further object of the conspiracy to generate and obtain significant monetary profits in the form of illegal drug proceeds from the smuggling and distribution of narcotics.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and co-conspirators would further and accomplish the objects of the conspiracy included, among others, the following:

1.     It was a further part of the conspiracy that the defendants and co-conspirators would organize and/or assist in the smuggling of cocaine into Puerto Rico from South America.

2.     It was a further part of the conspiracy that the defendants and their co-conspirators would distribute cocaine.

3.     It was a further part of the conspiracy that the defendants and their co-conspirators would have different roles and would perform different tasks in furtherance of the conspiracy.

4.     It was a further part of the conspiracy that the members of the drug trafficking organization would make, obtain, and use false identifications to avoid detection by the police.

5.     It was further part of the conspiracy that member of the conspiracy would transfer drug proceeds and payments for the purchase of narcotics through couriers and other means.

6.     It was further a part of the conspiracy that the members of the conspiracy would use

**SECOND SUPERSEDING INDICTMENT**
*01-379(JAF)*

motor vessels to transport shipments of cocaine into Puerto Rico.

7.      It was further part of the conspiracy that members of the conspiracy would use cellular telephones to facilitate the transportation of drug shipments, coordinate locations in the high seas and give support to the crew members of the vessels that would transfer the loads of cocaine on the high seas in order to smuggle it into Puerto Rico.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of this conspiracy, and to effect and accomplish the objects of the same, one or more of the conspirators committed, among others, the following overt acts:

1.      In or about November of 2000, the defendant and his co-conspirators attempted to smuggle approximately 780 kilograms (gross weight) of cocaine from Colombia into Puerto Rico.

2.      In or about February of 2001, the defendant and his co-conspirators attempted to smuggle approximately 597 kilograms (gross weight) of cocaine from Colombia into Puerto Rico.

3.      From on or about March 16, 2001 until on or about March 22, 2001, the defendant and his co-conspirators attempted to smuggle approximately 747 kilograms (gross weight) of cocaine from Venezuela into Puerto Rico.

**SECOND SUPERSEDING INDICTMENT**
*01-379(JAF)*

    All in violation of Title 21, <u>United States Code</u>, Section 963.

ROSA EMILIA RODRIGUEZ-VÉLEZ
United States Attorney

                                                            TRUE BILL

                                                            FOREPERSON
                                                            Dated: *november 15, 2010*

for: José Ruiz-Santiago
Assistant U.S. Attorney
Chief, Criminal Division  *11/15/2010.*

Jenifer Hernández
Assistant U.S. Attorney

                                                            Timothy R. Henwood
                                                            Assistant United States Attorney
                                                            Deputy Chief, Narcotics Unit

                                                            Olga Castellon
                                                            Assistant U.S. Attorney

4